UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONG WUK KIM, et al.,<br><br>Appellants,<br><br>v.<br><br>FIRST KOREAN CHRISTIAN CHURCH OF SAN JOSE, et al.,<br><br>Appellees. | Case No. 5:17-cv-01094-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Presently before the court is a Motion to Dismiss this bankruptcy appeal, filed by Appellees. Dkt. No. 14. Appellants did not file written opposition to the motion, and the time for filing such opposition has expired under both bankruptcy and district court rules. See Fed. R. Bankr. P. 8013; see also Civ. L.R. 7-3.

Federal Rule of Bankruptcy Procedure 8018(a)(4) states:

> If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal - or the district court or BAP, after notice, may dismiss the appeal on its own motion.

Here, the parties were notified by the district court Clerk that the record on appeal was complete as of April 19, 2017. Dkt. No. 11. Pursuant to the scheduling order issued when this appeal was docketed, Appellants were required to file their principal brief no later than 30 days from the date of that notice, or by May 19, 2017. Dkt. No. 2; Fed. R. Bankr. P. 8018(a). They did not do so and did not explain their default in opposition to this motion.

Appellants' failure to prosecute this appeal in a manner that complies with the scheduling order, and indeed their silence in response to a motion seeking dismissal, each constitutes

Case No.: 5:17-cv-01094-EJD
ORDER GRANTING MOTION TO DISMISS

1

sufficient grounds to dismiss this action either under Rule 8018(a)(4) or for failing to comply with a local rule or court order. See In re Fitzsimmons, 920 F.2d 1468, 1471-72 (9th Cir. 1990); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Though the court has considered alternatives to dismissal by "placing the case at the bottom of the calendar" and contemplating an additional notice to Appellants (In re Fitzsimmons, 920 F.2d at 1472-75), the court is not convinced that additional time or notice will resolve Appellants' inaction at this point, especially given their inattention to a motion directly seeking termination of their appeal. The court therefore finds that employing any alternatives to dismiss would be futile.

Accordingly, Appellees' Motion to Dismiss (Dkt. No. 14) is GRANTED. This appeal is DISMISSED. Any other pending matters are TERMINATED and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 29, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-01094-EJD
ORDER GRANTING MOTION TO DISMISS

2